IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eric Wiggins,<br><br>     Plaintiff,<br><br>vs.<br><br>Mike Donley, *Secretary of the Department of the Air Force*,<br>     Defendant. | Civil Action No.: 2:11-01788-RMG-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

On or about July 22, 2011, Plaintiff brought the instant employment discrimination action alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (See Dkt. No. 1.) On July 17, 2012, Defendant filed a Motion to Compel. (Dkt. No. 61.) On August 8, 2012, the undersigned issued the following Order granting the Motion to Compel:

> TEXT ORDER. This matter is before the Court on the defendant's motion to compel. The plaintiff has made no response in discovery or to the present motion. It is therefore ORDERED that the motion is GRANTED and the plaintiff has fifteen (15) days from the date of this Order to makes his responses to the defendant's outstanding discovery requests. IT IS SO ORDERED.

(Dkt. No. 63.)

Defendant filed a Motion for Summary Judgment on August 22, 2012. (Dkt. No. 68.) By order of this court filed August 23, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 69.) Plaintiff sought an extension of time to respond to the Motion for Summary Judgment; that request was granted. (See Dkt. No. 77; Dkt. No. 78.) Pursuant to the extension of time, Plaintiff's response to the Motion for Summary Judgment was due October 20, 2012. (Dkt. No. 78.)

On September 13, 2012, Defendant filed a Motion for Sanctions. (Dkt. No. 73.) Plaintiff did not file a response to that motion. On October 5, 2012, the undersigned issued the following order denying the Motion for Sanctions:

> TEXT ORDER denying [73] Motion for Sanctions. The plaintiff has not produced to the defendant the discovery responses ordered by the Court. (Dkt. No. 63.) The discovery period is now closed. **If the plaintiff refuses to immediately produce discovery to the defendant, the undersigned will recommend dismissal of the case.** The plaintiff, therefore, has ten (10) days from the date of this Order to serve his discovery responses on the defendant. AND IT IS SO ORDERED.

(Dkt. No. 80 (emphasis added).)

On October 19, 2012, counsel for the Defendant advised the Court that "[a]s of October 19, 2012, the discovery responses [at issue in the Court's Order of October 5, 2012] have not been received . . . ." (Dkt. No. 82.)

Instead of filing a Response to Defendant's Motion for Summary Judgment, Plaintiff filed a document entitled "Motion for a More Definite Statement." (Dkt. No. 83.) In this motion, Plaintiff states,

> The plaintiff received from the District Court a generic document entitled, *Roseboro* Order, which outlines dismissals in addition to summary judgment procedures and consequences, "if you fail to respond adequately to defendants motion." However, plaintiff did not receive any attached, nor were any references given to identify motions or memorandums from either defendant(s) in the ECF system. As a consequence of the above stated reasons, plaintiff is perplexed as to what motions that defendant(s) has submitted requiring response and/or possible supporting material to be filed in opposition. The only closely related document that the plaintiff has identified was his Request for Entry of Default [No. 45].

(Dkt. No. 83.) Plaintiff "remind[s]" the Court that his request for appointment of counsel was denied. (Id. at 1.) Plaintiff asks the Court to "make clear or available as to what the plaintiff is required to respond" due to the "vagueness and ambiguous nature of the generic order." (Id. at 2.)

The *pro se* Plaintiff in this action has failed to comply with the undersigned's Order on the Motion to Compel. (Dkt. No. 63.) Per that Order dated August 8, 2012, Plaintiff had fifteen days to respond to Defendant's discovery requests. (Id.) Plaintiff did not do so. Plaintiff was given an additional opportunity to comply with this Order on October 5, 2012, when the Plaintiff was given an additional ten days to serve his discovery responses. (Dkt. No. 80.) Plaintiff continues to refuse to comply. (Dkt. No. 82.)

Based on the foregoing, the undersigned recommends dismissal of the instant action *with prejudice*. Plaintiff has repeatedly refused to follow the Court's orders, and Plaintiff was warned that failure to comply would result in dismissal. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

s/Bruce Howe Hendricks
October 23, 2012  United States Magistrate Judge
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).