IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2012 NOV 20  A 8: 45

| | |
|---|---|
| Eric Wiggins, ) | Civil Action No.: 2:11-1788-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Mike Donley, *Secretary of the Department* ) | |
| *of the Air Force*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Bruce Hendricks recommending that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 84). For the reasons set forth below, the Court agrees with and adopts the Magistrate's Report and Recommendation.

**Background**

Plaintiff, proceeding pro se and in forma pauperis, brought this employment discrimination action alleging violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e *et seq.* (Dkt. No. 1). This case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. On July 17, 2012, Defendant filed a motion to compel, (Dkt. No. 61), which the Magistrate Judge granted on August 8, 2012. (Dkt. No. 63). On August 22, 2012, Defendant filed a motion for summary judgment. (Dkt. No. 68). On August 23, 2012, the Magistrate Judge issued a *Roseboro* Order directing Plaintiff to respond to Defendant's motion within 34 days and instructing Plaintiff that the Court may grant Defendant's motion if Plaintiff did not respond adequately by the deadline. (Dkt. No. 69).

On October 23, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R"). (Dkt. No. 84). The Magistrate Judge recommended dismissing this action with prejudice for lack of prosecution and for failure to comply with the Court's orders. (Dkt. No. 84 at 3). On November 9, 2012, Plaintiff timely filed his objections to the R&R. (Dkt. No. 87).

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In addition, this Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003), but the Court cannot construct Plaintiff's legal arguments for him. *Small v. Endicot*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Plaintiff's objections to the R&R are not responsive to the Magistrate's recommendations or findings. The Magistrate reported that Plaintiff did not comply with the order granting Defendant's motion to compel discovery, and she recommended the Court to dismiss the action based on this noncompliance. (Dkt. No. 84 at 3). Plaintiff, however, argues that "[i]t is not reasonable to believe that plaintiff has refused to comply with court order [sic] or to even warn of dismissal when the court has restricted or acted with strict prejudice toward an indigent plaintiff in pro se status." (Dkt. No. 87 at 3). Plaintiff further argues that he "clearly did not

understand what the Roseboro Order required response should have been." *Id.* Importantly, Plaintiff does not provide any reasons for failing to comply with the Court's discovery order or provide any details of his attempts to comply with that order. Further, Plaintiff does not address why it would be improper for this Court to dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (stating factors for dismissing a claim under Rule 41(b)).

## Conclusion

Based on the reasoning above, this Court agrees with and adopts the R&R of the Magistrate. Accordingly, this action is **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Because this action is dismissed with prejudice pursuant to Rule 41(b), the Court **DENIES** as moot Defendant's motion for summary judgment (Dkt. No. 68) and Plaintiff's motion for more definite statement (Dkt. No. 83).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 19, 2012
Charleston, South Carolina

3